# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 05-40015-FDS |
| **HERIBERTO PEREZ,** | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION TO VACATE

**SAYLOR, J.**

Defendant Heriberto Perez pleaded guilty in March 2006 to drug charges and was sentenced to a term of imprisonment. He now moves to vacate the sentence, purportedly pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides "Grounds for Relief from a Final Judgment, Order, or Proceeding;" however, the rule is inapplicable to the defendant's criminal conviction and sentence, because it applies only to judgments in civil proceedings. Habeas corpus relief, pursuant to 28 U.S.C. § 2255, provides the exclusive remedy available for a defendant in federal custody. Defendant's motion does not invoke that section, nor does it conform with the requirements for an application for habeas relief. Accordingly, the Court will deny defendant's motion to vacate under Fed. R. Civ. P. 60(b).

Furthermore, even if the Court were to construe defendant's motion as a petition for habeas corpus relief under § 2255, the petition would be denied as an impermissible successive petition. Defendant previously filed a petition for habeas corpus relief on October 5, 2009, which was subsequently denied by this Court on August 31, 2010. Section 2255(h) requires that

any successive petition to be "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . [either] newly discovered evidence . . . [or] a new rule of constitutional law." Defendant has obtained no such certification for the present motion.

For the foregoing reasons, defendant's motion to vacate his sentence is DENIED.

**So Ordered**.

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 4, 2013